UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

AMBERLY D. EMERY

DEBTOR                                                          CASE NO. 07-21766

**MEMORANDUM OPINION**

This matter is before the court on the objection of creditor Chase Home Finance, LLC ("Chase") to the confirmation of the Debtor's Amended Chapter 13 plan. Specifically, Chase objects to a special provision included in the plan which would require that Chase deem the Debtor's mortgage as current upon confirmation, and to apply subsequent payments accordingly. This matter was heard on March 11, 2008, and taken under submission by order entered on April 15, 2008.

1. Factual and procedural history

The Debtor filed her original Chapter 13 plan on November 15, 2007. Chase filed its Objection to Debtor's Plan on December 11, 2007. Chase objected to language that deemed pre-petition arrearages cured upon confirmation. The Debtor then filed her Amended Chapter 13 plan on January 7, 2008, and her Second Amended Chapter 13 plan ("the plan") on February 12, 2008, which removed any reference to "cure" of arrearages. The plan contains a special provision at Section VII(B) which states:

> Confirmation of the plan shall impose on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, and only to such arrearages; to **deem the pre-petition arrearages as current by confirmation**; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor to the month in which they were

1

>     made under the plan or directly by the debtor, whether such
>     payments are immediately applied to the loan or placed into
>     some type of suspense account; to notify the trustee, the
>     debtor and the attorney for the debtor of any changes in the
>     interest rate for an adjustable rate mortgage and effective
>     date of the adjustment; to notify the trustee, the debtor
>     and attorney for the debtor of any changes in the taxes and
>     insurance that would either increase or reduce the escrow
>     portion of the monthly mortgage payment; and to otherwise
>     comply with 11 U.S.C. Section 524(i)(Emphasis added).

Debtor's Second Amended Chapter 13 Plan, Section VII(B). The Debtor filed her Response to Chase Home Finance, LLC's Objection to Confirmation of Debtor's Plan on February 29, 2008, and the hearing on the confirmation of the plan took place on March 11, 2008, as set out above.

At the confirmation hearing, the court confirmed the plan, directing that a special order be entered setting out that the issue of the Debtor's proposed special provision and its treatment of the Debtor's mortgage was reserved for ruling.  The parties were given a briefing schedule.  The Order Confirming Second Amended Chapter 13 Plan was entered on March 27, 2008.  Chase filed its Memorandum in Support of Objection to Plan Special Provisions on April 4, 2008, and the Debtor filed her Reply on April 14, 2008.  The matter is now under submission for decision.

 2.    <u>Discussion</u>

The issue before the court is whether the plan, and specifically the proposed special provision, impermissibly modifies Chase's rights. The Debtor maintains that the plan complies with the requirements of Bankruptcy Code section 1322 which deals with the modification of rights of holders of secured claims.  Section 1322(b) provides in pertinent part as follows:

> (b) Subject to subsections (a) and (c) of this section, the
> plan may--
> . . . .
> (2) modify the rights of holders of secured claims, other
> than a claim secured only by a security interest in real
> property that is the debtor's principal residence, or of
> holders of unsecured claims, or leave unaffected the rights
> of holders of any class of claims;
> . . . .
> (5) notwithstanding paragraph (2) of this subsection,
> provide for the curing of any default within a reasonable
> time and maintenance of payments while the case is pending
> on any unsecured claim or secured claim on which the last
> payment is due after the date on which the final payment
> under the plan is due;

11 U.S.C. § 1322(b)(2) and (5). Further, the Debtor raises the applicability of new Code section 524(i) which was enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act. Section 524(i) provides:

> The willful failure of a creditor to credit payments
> received under a plan confirmed under this title, unless the
> order confirming the plan is revoked, the plan is in
> default, or the creditor has not received payments required
> to be made under the plan in the manner required by the plan
> (including crediting amounts required under the plan), shall
> constitute a violation of an injunction under subsection
> (a)(2) if the act of the creditor to collect and failure to
> credit payments in the manner required by the plan caused
> material injury to the debtor.

11 U.S.C. § 524(i). The Debtor maintains that section 524(i) authorizes Chapter 13 plan provisions which direct the application of payments by a creditor, and penalizes a creditor's willful failure to abide by these plan provisions.

The Debtor has cited several cases which address a debtor's ability to craft plan provisions that address treatment of a mortgage. These cases agree that provisions to require mortgage holders to apply payments in a certain way or to calibrate a mortgage as current do not violate the anti-modification injunction of section 1322(b)(2). *See*

3

*Jones v. Wells Fargo Home Mortgage (In re Jones)* 366 B.R. 584, 590-91 (Bankr. E.D. La. 2007); *Nosek v. Ameriquest Mortgage Co. (In re Nosek)*, 363 B.R. 643, 645 (Bankr. D. Mass. 2007); *In re Wilson*, 321 B.R. 222, 223-25 (Bankr. N.D. Ill. 2005).  The Debtor has also made reference to *In re Collins*, 2007 WL 2116416 (Bankr. E.D. Tenn. 2007), in which Judge Stair agreed that

> a provision requiring [the creditor] to 'deem' the prepetition arrearage amounts contractually 'current' as of confirmation is merely procedural and requires only that [the creditor] update its accounting procedures to ensure that the Debtors' account is not subject to any additional charges associated with any prepetition default.  In other words, as of the date of confirmation, as long as the prepetition arrearage is provided for in the plan and payments are made a set forth therein, [the creditor] must, pursuant to § 1322(b)(5), divide the Debtors' mortgage into a 'current' prepetition balance and a post-petition balance which, as of the date of confirmation, is, with respect to the arrearage claim, contractually 'current.'  This provision addresses [the creditor's] **claims**, not its **rights**, and is not an impermissible modification under § 1322(b)(2).

*Id.* at *14.  Further, in a very recent case, *In re Watson*, ___B.R.___, 2008 WL 934771 (Bankr. D. Del. 2008), the court held that "a Chapter 13 plan may contain provisions governing application of payments, timely notice of assessed fees and charges, and allowance and disallowance of pre-petition and post-petition by the Mortgage Lenders[.]"  *Id.* at *8.

Chase contends that the Debtor is attempting to "write plan-based super legislation," that section 524(i) is inapplicable because the Debtor will not receive a discharge of this debt, that the proposed plan provision places onerous duties and responsibilities on Chase, and that it violates Chase's rights under the mortgage loan agreement.  Chase also criticizes the case law cited by the Debtor, specifically the *Jones* and *Collins* cases, maintaining that those courts seek to impose accounting

4

requirements that are not found in the Bankruptcy Code, and calling the approach taken by these courts "radical."

Chase cites no case law in support of its position, but directs the court's attention to the form Chapter 13 plan adopted by the Bankruptcy Court for the Southern District of Ohio. The General Order Requiring the Filing of Mandatory Original and Amended Form Chapter 13 Plan includes the following language:

> Special Provisions, if any, included in section H of the Mandatory Form Plan are restricted to those items applicable to the particular circumstances of the debtor(s). Special Provisions shall not contain a restatement of provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, or the Mandatory Form Plan. Nor shall Special Provisions contain boilerplate language regarding the treatment of mortgages, mortgage arrearages, proofs of claim, consumer protection provisions or the like.

While this court cannot, without further explanation, determine exactly what is meant by the term "boilerplate language" in this context, the term generally means hackneyed, unoriginal language taken from a form, rather than language crafted to fit a particular situation. In any event, while Chapter 13 practitioners in this district are expected to use the Chapter 13 Trustee's form plan, there is no general order in place which dictates what special provisions a plan may or may not contain. Further, as the Debtor points out, the Chapter 13 Trustee has not objected to the plan.

Chase also makes reference to an order entered in a Western District of Kentucky case, *In re Gary and Vickie P. Smith*, Case No. 07-31450(1)(13), in which the court found that the debtors' plan impermissibly modified the creditor's rights by deeming that all pre-petition arrearages were contractually cured upon confirmation. This

5

conclusion is inapplicable, as the plan being considered here does not contain such a provision.

Chase contends that section 524(i) is inapplicable because an action for violation of the section 524(a)(2) discharge injunction cannot be brought until discharge is entered. The Debtor argues in response that the relevance of section 524(i) is that it authorizes plan provisions to direct the application of payments, and that at this point in the proceedings it addresses a confirmation issue, not a discharge issue. As set out above, section 524(i) provides in pertinent part that "[t]he willful failure of a creditor to credit payments received under a plan confirmed under this title . . . in the manner required by the plan . . . shall constitute a violation of an injunction under subsection (a)(2) . . . ." 11 U.S.C. § 524(i). The court agrees with the Debtor that the phrase "credit payments received . . . in the manner required by the plan" contemplates that a debtor will craft plan language which directs the application of payments. When the remedy arises for failure to comply arises is not the issue.

Finally, Chase contends that the subject plan provision would impose an onerous burden on it by requiring it to give notice of changes in the interest rate on the Debtor's mortgage, and of changes in property taxes and insurance. Chase first incorrectly asserts that the Debtor would be directly informed of changes in taxes and insurance, but, as the collector of escrow, it then admits that it is required to advise the Debtor of payment changes and escrow charges. Since the interest rate charged on a mortgage would also affect the payment the Debtor is required to make and in turn possibly affect the success of the plan, it is not unreasonable to include a provision requiring Chase to advise the

6

Debtor of changes in interest rate. Chase also makes some vague allegations of infringement on its rights, without identifying what those rights may be. It states without explanation, for instance, that the plan contains provisions that are detrimental to its interest in the collateral. The court declines to guess how Chase's interest in the collateral may be affected.

In conclusion, the court believes that the proposed special provision of the Debtor's plan does not violate Bankruptcy Code section 1322(b)(2) and it may be included therein. Chase's objection to the confirmation of the plan should therefore be overruled. An order in conformity with this opinion will be entered separately.

Copies to:

James P. McHugh, Esq.
Joel K. Jensen, Esq.
Chapter 13 Trustee

7

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
_William S. Howard_
**Bankruptcy Judge
Dated: Friday, May 16, 2008
(wsh)**